Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
22 W. Washington Street, Suite 1500
Chicago, IL 60602
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
ANDREA MATUA



FILED
CLERK, U.S. DISTRICT COURT

FEB - 7 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

ANDREA MATUA,

        Plaintiff,

    v.

THE MCKELLAR GROUP, LLC f/k/a
MCKELLER & ASSOCIATES GROUP,
INC.,

        Defendant.

SACV14-183 AG (ANx)

**Case No.:**

**PLAINTIFF'S COMPLAINT**

### PLAINTIFF'S COMPLAINT

Plaintiff, ANDREA MATUA ("Plaintiff"), through her attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, THE MCKELLAR GROUP, LLC f/k/a MCKELLER & ASSOCIATES GROUP, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1367, and 15 U.S.C. §1692k.

1

telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff.

19. The alleged debt owed arises from transactions for personal, family, and household purposes.

20. Within in the last year, Defendant was hired to collect on the alleged debt.

21. Defendant called Plaintiff on Plaintiff's telephone at 714-818-82xx in an attempt to collect on the alleged debt.

22. Within one (1) year of Plaintiff filing this Complaint, Defendant communicated with Plaintiff in an attempt to collect on the alleged debt.

23. Within one (1) year of Plaintiff filing this Complaint, Defendant left Plaintiff at least one voicemail message regarding the alleged debt.

24. Within one (1) year of Plaintiff filing this Complaint, Defendant left the following voicemail message for Plaintiff, "This message is intended for Andrea Matua.  My name is Michelle Mario and I'm contacting you in reference to a complaint that has been forwarded to my office.  If you wish to discuss the pending actions that may be filed against you, you can contact the firm handling your file directly at 885-872-6990 and reference your file number 714-85. Thank you."

25. The telephone number of 855-872-6990 is one of Defendant's telephone numbers.

26. Defendant's collector that left the message transcribed in paragraph 24 was working within the scope of her employment when she communicated with Plaintiff in an attempt to collect a debt.

3

27. Defendant's message for Plaintiff does not state that the call is from The McKeller Group, LLC.

28. Defendant's message for Plaintiff does not state that the collector is attempting to collect a debt.

29. Defendant's collector that left the message transcribed in paragraph 24 is familiar with the FDCPA.

30. Defendant's collector that left the message transcribed in paragraph 24 knows the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

31. Defendant's collector that left the message transcribed in paragraph 24 knows the FDCPA requires debt collectors to state that the communication is an attempt to collect a debt when leaving consumers a voicemail message.

32. Defendant's collector that left the message transcribed in paragraph 24 threatened to take legal action against Plaintiff.

33. At the time Defendant's collector left the message for Plaintiff transcribed in paragraph 24, Defendant did not intend to take legal action against Plaintiff.

34. As of the date Plaintiff filed this Complaint, Defendant has not taken legal action against Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

35. Defendant violated the FDCPA based on the following:

    a.  Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

    b.  Defendant violated §1692d(6) of the FDCPA by placing telephone calls without

4

meaningful disclosure of the caller's identity when Defendant left Plaintiff a message that failed to state that call was from The McKeller Group, LLC;

c.  Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt when Defendant failed to identity that the call was from The McKellar Group, LLC, failed to state that the call was an attempt to collect a debt, and threatened to take legal action against Plaintiff;

d.  Defendant violated §1692e(5) of the FDCPA by threatening to take legal action against Plaintiff even though Defendant did not intend to take such action against Plaintiff;

e.  Defendant violated §1692e(10) of the FDCPA by using false representation or deceptive means in connection with the collection of the alleged debt when Defendant failed to state that the call was an attempt to collect a debt, and threatened to take legal action against Plaintiff; and

f.  Defendant violated §1692e(11) of the FDCPA when Defendant left Plaintiff a voicemail message that did not state the communication was an attempt to collect a debt.

36. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, ANDREA MATUA, respectfully requests judgment be entered against Defendant, THE MCKELLAR GROUP, LLC f/k/a MCKELLER & ASSOCIATES GROUP, INC., for the following:

38. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

39. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

40. Any other relief that this Honorable Court deems appropriate.

### DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff repeats and re-alleges paragraphs 1-34 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

42. Defendant violated the RFDCPA based on the following:

    a.  Defendant violated the §1788.10(f) of the RFDCPA by threatening to take legal action against Plaintiff even though Defendant did not intend to take such action against Plaintiff;;

    b.  Defendant violated the §1788.11(b) of the RFDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant left Plaintiff a message that failed to state the call was from The McKeller Group, LLC;

    c.  Defendant violated the §1788.13(j) of the RFDCPA by falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made; and

    d.  Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, ANDREA MATUA, respectfully requests judgment be entered against Defendant, THE MCKELLAR GROUP, LLC f/k/a MCKELLER & ASSOCIATES GROUP, INC., for the following:

43. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

44. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

45. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  January 28, 2014                AGRUSS LAW FIRM, LLC

By: _____
Michael S. Agruss
Attorney for Plaintiff
ANDREA MATUA